IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTAVIS D. PENDLETON, ) | |
| AIS #247017, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-190-WHA |
| ) | (WO) |
| BRADLEY S. BRASWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

## **I. INTRODUCTION**

Artavis D. Pendleton, a state inmate incarcerated at the Donaldson Correctional Facility, filed this 42 U.S.C. § 1983 complaint challenging the probate of his great aunt's estate in Bullock County, Alabama and actions which led to his current incarceration on a 2014 murder conviction imposed upon him by the Circuit Court of Tallapoosa County, Alabama. Doc. 1.[1] Pendleton names Bradley S. Braswell, his attorney, Karla Jones, a warden at Ventress Correctional Facility (Pendleton's prior place of incarceration), James E. Tatum, the Probate Judge of Bullock County, Neara Surles Reed, the Bullock County Revenue Commissioner, Theresa Daniel, the District Judge for Bullock County, and Ray Martin, a judge for the Circuit Court of Tallapoosa County, as defendants. Pendleton seeks

---

[1] The entries on the case action summary sheet for Pendleton's murder conviction maintained by the Alabama Trial Court System, hosted at www.alacourt.com, establish that Pendleton was convicted of this offence on June 11, 2014. The trial court sentenced Pendleton to 50 years imprisonment on August 27, 2014. As permitted by applicable law, the court takes judicial notice of the case action summaries. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

this court's review of the state court proceedings and an award of his inheritances from his great aunt's estate. Doc. 1 at 4.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II. DISCUSSION

### A. Dismissal of Defendants

**1. Judges James E. Tatum, Theresa Daniel and Ray Martin.** Pendleton challenges the actions undertaken by judges Tatum and Daniel in the probate of his great aunt's estate. Doc. 1 at 3. He also challenges actions taken by Judge Martin in the state criminal proceedings which resulted in his conviction for murder by the Circuit Court of Tallapoosa County. Doc. 1 at 3.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority;

---

[2]The court granted Pendleton leave to proceed *in forma pauperis* in this cause of action. Doc. 5. Regardless of the requirement and payment of an initial partial filing fee, the court remains obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

2

rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Pendleton against Judge Tatum, Judge Daniel and Judge Martin emanate from actions taken by these defendants in their judicial capacities during state court proceedings over which each of them had jurisdiction. Judge Tatum, Judge Daniel and Judge Martin are therefore absolutely immune from civil liability for acts taken pursuant to [their] judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction, he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he/she is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Pendleton's claims against the judges he names as defendants are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

   2. **Attorney Bradley S. Braswell.**  Pendleton complains his attorney, Bradley S. Braswell, provided ineffective assistance regarding the probate proceedings related to his great aunt's estate.  Doc. 1 at 2–3.

   An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

   The law is well-settled that a private attorney representing an individual does not act under color of state law for purposes of liability in a 42 U.S.C. § 1983 action.  *See Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").

4

Since the representation by counsel about which Pendleton complains was not committed by a person acting under color of state law, the § 1983 claims presented against defendant Braswell lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

      **3.** **<u>Bullock County Revenue Commissioner Neara Surles Reed</u>.** Pendleton names Reed as a defendant based on her position as the Revenue Commissioner of Bullock County. It is clear that as the Revenue Commissioner Reed had no personal involvement in the probate decisions about which Pendleton complains. The law is clear that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that there is no liability under § 1983 "on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold an official liable under either a theory of respondeat superior or vicarious liability). Thus, there is no valid basis for liability against defendant Reed, *Cottone*, 326 F.3d at 1360, and any claim against her is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the complaint fails to state a claim against her on which relief may be granted.

## B.  Challenges to Probate Proceedings

Pendleton contends he did not receive inheritances due him upon the probate of his great aunt's estate.  Doc. 1 at 2–3.  In a prior case filed with this court wherein an inmate sought to challenge a state probate decision, this court held that:

> . . . [T]he Court must have original jurisdiction to proceed. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison,* 24 F.3d 169, 171 (11th Cir.1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *City of Huntsville,* 24 F.3d at 171–72 (citations omitted). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000); *accord Barnett v. Bailey,* 956 F.2d 1036, 1039–41 (11th Cir.1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.).
>
> The *Rooker–Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476–82, 103 S.Ct. 1303, 1311–15, 75 L.Ed.2d 206 (1983). The Eleventh Circuit has described the *Rooker–Feldman* doctrine as follows:
>> The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.
>
> *Goodman ex. rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir.2001) (citing *Siegel v. LePore,* 234 F.3d 1163, 1172 (11th Cir.2000)). The Supreme

> Court notes the *Rooker–Feldman* [doctrine] is triggered in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005); *see also Nicholson v. Shafe,* 558 F.3d 1266, 2009 WL 385579 (11th Cir.2009) (quoting *Exxon Mobil*).

*Johns v. Pike County Circuit Court*, Civil Action No. 2:09-CV-133-MHT, 2009 WL 1125143, at *1–2, Recommendation adopted as opinion of the court, (M.D. Ala. 2009).

Based on the foregoing, the undersigned finds that Pendleton's claims attacking the probate of his great aunt's estate are within the bounds of the *Rooker–Feldman* doctrine. This court therefore lacks subject matter jurisdiction over these claims.

### C.  Challenges to Plaintiff's Conviction and Incarceration

To the extent Pendleton presents claims which go to the fundamental legality of his murder conviction and his incarceration based on this conviction, these claims provide no basis for relief in the instant action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[3]

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]"

---

[3] The court notes that the only claims presented in the complaint relative to defendant Jones are those challenging the validity of Pendleton's incarceration on the murder conviction.

7

*Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . , even though such a claim may come within the literal terms of § 1983[,]" and, based on the foregoing, the Supreme Court concluded that Heck's complaint was subject to summary dismissal as no cause of action existed under section 1983. *Heck*, 512 U.S. at 481. In so doing, the Supreme Court specifically rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action. *Id*. As such, the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction imposed by a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill.

8

1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Under the circumstances of this case, *Heck* and its progeny bar Pendleton's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his murder conviction. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is

a rule of cognizability, not exhaustion."). Hence, the claims presented by Pendleton challenging the fundamental legality of his murder conviction are not cognizable in this cause of action as they provide no basis for relief at this time and, thus, these claims are subject to summary dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against James E. Tatum, Theresa Daniel, Ray Martin, Bradley S. Braswell and Neara Surles Reed related to actions which occurred during state probate proceedings before the Circuit Court of Bullock County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. The plaintiff's challenges to the probate of his great aunt's estate be dismissed as this court's review of such claims is barred by the *Rooker–Feldman* doctrine.

3. The plaintiff's claims which go to the fundamental legality of his murder conviction and the sentence imposed against him by the Circuit Court of Tallapoosa County, Alabama be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time in the instant cause of action.

4. This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii)

---

[4] Pendleton is advised that any federal habeas petition he files is subject to the statutory procedural limitations imposed upon such petitions, i.e., the one-year limitation period and the successive petition bar. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").).

On or before **June 10, 2021**, the plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.

Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 27th day of May, 2021.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE